IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SANTIAGO JIMMY CRUZ,

    Petitioner,                         No. CIV S-02-0545 FCD DAD P

    vs.

CHERYL K. PLILER, et al.,

    Respondents.                 FINDINGS & RECOMMENDATIONS

/

        Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges his 1997 conviction on charges of making terrorist threats, attempted arson and arson. He seeks relief on the grounds that: (1) the trial court erred in failing to give a "unanimity" jury instruction sua sponte; and (2) the jury instruction given with respect to reasonable doubt violated his Fourteenth Amendment right to due process. Upon careful consideration of the record and the applicable law, the court will recommend that petitioner's application for habeas corpus relief be dismissed as untimely.

I. Procedural Background

        On November 14, 1996, an information was filed in the Yolo County Superior/Municipal Court charging petitioner with three counts of willfully threatening to commit a crime which will result in death or great bodily injury to another person, in violation of

1

Cal. Penal Code § 422 (counts 1, 4 and 5); one count of attempted arson, in violation of Cal. Penal Code §§ 664.1 and 451(b) (count 2); and one count of arson, in violation of Cal. Penal Code § 451(d) (count 3).  (Clerk's Transcript on Appeal (CT) at 108-111.)  It was also alleged that petitioner was previously convicted of a serious felony within the meaning of Cal. Penal Code § 667(e) (2) and that he was previously convicted of two or more "strike" felonies, within the meaning of California's Three Strikes law.  (Id.)  Following a jury trial, petitioner was found guilty on all counts.  (Answer, Ex. A.)  The jury also found true the Three Strikes allegations.  (CT at 279-80.)  On October 23, 1997, petitioner was sentenced to consecutive terms of twenty-five years to life for each felony conviction, for a total term of life imprisonment with a minimum parole eligibility of 125 years.  (Answer, Ex. A; CT at 373-74.)

II. Timeliness of Petition

In the answer to the petition respondent argues that the instant petition is barred by the statute of limitations contained in 28 U.S.C. § 2244(d).  This court agrees that the petition is untimely and will recommend that it be dismissed.

A. Statute of Limitations and Tolling Provision Under the AEDPA

Because this action was filed after April 26, 1996, the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") are applicable.  See Lindh v. Murphy, 521 U.S. 320, 336 (1997); Clark v. Murphy, 331 F.3d 1062, 1067 (9th Cir. 2003).  The AEDPA imposed a one-year statute of limitations on the filing of federal habeas petitions.  Title 28 U.S.C. § 2244 provides as follows:

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution

or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

A petition is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." Gaston v. Palmer, 387 F.3d 1004, 1012 (9th Cir. 2004) (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). "A [state court's] decision on the merits necessarily implies that an application was 'properly filed,' because it is axiomatic that a court will not rule on the merits of an improperly filed application." Gaston, 387 F.3d at 1013. Thus, in California "postcard" or summary denials without comment or citation are decisions on the merits for statute of limitations purposes. (Id.)

B.   Factual Background

For purposes of statute of limitations analysis, the relevant chronology of this case is as follows:

1. Following his conviction petitioner filed a timely notice of appeal in state court, in which he claimed that: (1) the trial court erred in failing to give a "unanimity" jury instruction sua sponte; and (2) the jury instruction on reasonable doubt given at his trial violated his Fourteenth Amendment right to due process. (Answer, Ex. B.) The California Court of Appeal for the Third Appellate District affirmed petitioner's conviction in an unpublished opinion filed on February 25, 1999. (Answer, Ex. D.)

2. On April 8, 1999, petitioner filed a petition for review in the California Supreme Court, in which he claimed that the jury instruction on reasonable doubt given at his trial violated his right to due process. (Answer, Ex. E.) That petition was summarily denied on May 12, 1999. (Answer, Ex. F.)[1]

3. On May 31, 2000, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Answer, Ex. G.)[2] Therein, he claimed that he was denied the right to present an adequate defense and that his trial counsel rendered ineffective assistance. (Id.) That petition was summarily denied on June 29, 2000. (Answer, Ex. H.)

4. On December 4, 2000, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, in which he claimed that he was denied the right to present an adequate defense and that his trial counsel rendered ineffective assistance. (Answer, Ex. I.) That petition was summarily denied on April 25, 2001. (Id.)

5. Petitioner filed a petition for writ of habeas corpus in this court on March 14, 2002.[3]

---

[1] Justice Mosk was of the opinion that the petition should be granted. (Id.)

[2] Respondent states that, previous to this filing, petitioner filed a petition for writ of habeas corpus in the state trial court on July 12, 1999, which was denied that same day. (Answer, at 2.) Assuming arguendo that petitioner filed such a petition, it would not have any effect on this court's analysis of the one-year statute of limitations because the petition was filed before the statute began to run.

[3] The court record reflects that petitioner commenced this action on March 14, 2002, by filing a mixed petition alleging both exhausted and unexhausted claims. In response to findings and recommendations issued by the court on March 21, 2002, petitioner requested that the court hold an amended petition in abeyance pending exhaustion of additional claims in state court. The court's March 21, 2002 findings and recommendations were vacated, and petitioner's original mixed petition was dismissed with leave to file an amended petition containing only exhausted claims. The first amended petition filed by petitioner on May 30, 2002, was dismissed for failure to allege exhausted claims that could be held in abeyance. Petitioner was given a second opportunity to amend his petition. The second amended petition filed by petitioner on July 8, 2002, was also dismissed for failure to allege only exhausted claims that could be held in abeyance. In findings and recommendations filed July 15, 2002, the undersigned recommended that this action be dismissed without prejudice for failure to file an amended petition alleging only exhausted claims. On July 29, 2002, petitioner filed a petition entitled "Second Amended Petition," which contained two exhausted claims. This action is currently proceeding on the

C. <u>Analysis</u>

The California Supreme Court denied review of petitioner's judgment of conviction on direct appeal on May 12, 1999. The ninety-day period during which petitioner could have filed a petition for writ of certiorari in the United States Supreme Court expired on August 10, 1999. <u>See</u> <u>Bowen v. Roe</u>, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, petitioner's judgment of conviction became final for purposes of § 2244(d)(1)(A) on August 10, 1999. (<u>Id.</u>)

The AEDPA period of limitation is not tolled during the interval between the date on which a petitioner's judgment becomes final and the date on which the petitioner files his first state collateral challenge. <u>Nino v. Galaza</u>, 183 F.3d 1003, 1006 (9th Cir. 1999). Accordingly, the one-year statute of limitations began to run on August 11, 1999, and ran without interruption until petitioner filed his petition for writ of habeas corpus in the California Court of Appeal on May 31, 2000. A total of 294 elapsed between August 11, 1999, and May 31, 2000, leaving petitioner with 71 days remaining in which to file his federal petition.

The petition for writ of habeas corpus filed in the California Court of Appeal on May 31, 2000, was denied on June 29, 2000. Petitioner filed his next petition for writ of habeas corpus in the California Supreme Court on December 4, 2000. That petition was denied on April 25, 2001. A petitioner is normally entitled to "one full round" of collateral relief in state court free from federal interference, during which time the AEDPA one-year statute of limitations is

---

second amended petition filed July 29, 2002. Without citation to authority, respondent contends that for purposes of statute of limitations analysis petitioner filed his federal habeas corpus petition on July 29, 2002. This court disagrees. The court finds that the relevant date for purposes of the one-year statute of limitations is March 14, 2002, when petitioner filed his original petition for writ of habeas corpus in this court. <u>See</u> <u>Anthony v. Cambra</u>, 236 F.3d 568, 573-74 (9th Cir. 2000) (explaining how the AEDPA's one-year statute of limitations has rendered outright dismissal perilous to some litigants, because petitioners may find themselves time-barred when they attempt to resubmit their exhausted claims to the district court and finding outright dismissal improper for that reason); <u>see</u> also <u>Freeman v. Page</u>, 208 F.3d 572, 577 (7th Cir. 2000) (dismissal of mixed federal petition "is not proper when that step could jeopardize the timeliness of a collateral attack").

5

1 tolled. Carey v. Scaffold, 536 U.S. 214, 222 (2002). The petitioner in this case engaged in the
2 continuing pursuit of his claims by presenting them in turn, and without unreasonable delay,
3 before the California Court of Appeal and the California Supreme Court. He proceeded with one
4 "full round" of collateral review and is entitled to tolling of the AEDPA statute of limitations
5 until he completed that round of review on April 25, 2001. Id.; Delhomme v. Ramirez, 340 F.3d
6 817, 821 (9th Cir. 2003) ("if there is any gap between the completion of one round of review and
7 the commencement of another round of state habeas review, the petitioner is not entitled to
8 tolling during the gap"); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003) ("Because the
9 claims raised in the petition to the California Supreme Court were fully exhausted and his first
10 round of collateral review was complete when the Court's ruling became final, he is not entitled
11 to tolling of the 129-day period before he began a second round of petitions with his filing in
12 Superior Court.").[4]

13      Here, the California Supreme Court's order filed April 25, 2001, became final on
14 May 25, 2001. See Bunney v. Mitchell, 262 F.3d 973, 974 (9th Cir. 2001 (per curiam) ("Under
15 Rule 24 [of the California Rules of Court], a denial of a habeas petition within the California
16 Supreme Court's original jurisdiction is not final for 30 days"). The statute of limitations began
17 to run again on May 26, 2001 and ran without further interruption for 71 days, until August 5,
18 2001, when it expired. Petitioner's federal habeas corpus petition was received for filing in this
19 /////
20 /////

21

22     [4] Respondent argues that the five month delay between the denial of petitioner's petition for writ of habeas corpus in the California Court of Appeal and the filing of his next habeas
23 petition in the California Supreme Court was unreasonably long, thereby precluding tolling. In Carey, the United States Supreme Court declined to rule that a delay of four and one half months
24 was unreasonable. 536 U.S. at 226-27. The Supreme Court noted, without deciding, that a four-year delay was probably unreasonable. Id. at 226; See also Welch v. Newland, 267 F.3d 1013
25 (9th Cir. 2001) (limitations period tolled during a four and a half-year delay between state habeas filings). Under the circumstances of this case, this court cannot conclude that petitioner's five
26 month delay was "unreasonable" or that tolling should have terminated in the interim.

court on March 14, 2002, well after the one-year period of limitation had run.[5] Petitioner does not claim entitlement to equitable tolling of the statute of limitations and there is no basis for such a finding in the record before this court.

Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed as untimely.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 4, 2005.

_/s/ Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:8:cruz545.hc

---

[5] On May 30, 2002, and August 5, 2002, petitioner filed petitions for writ of habeas corpus in the California Supreme Court, in an apparent attempt to exhaust some of the claims presented in his initial mixed federal habeas corpus petition. (Answer, Exs. J, K; Notice, filed July 20, 2005.) These petitions do not affect the analysis of AEDPA's statute of limitations because they were filed after petitioner filed his habeas corpus petition in this court and after he had completed one full round of collateral review in state court.  See Delhomme v. Ramirez, 340 F.3d 817, 821 (9th Cir. 2003); Biggs v. Duncan, 339 F.3d 1045, 1048 (9th Cir. 2003).